UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HARRY SMITH                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:19-CV-402-DPJ-FKB

WILLOW WOOD APARTMENTS TC, L.P.                                              DEFENDANT

ORDER

Plaintiff Harry Smith was assaulted and shot at Willow Wood Apartments.  He seeks to

hold the apartment complex liable, contending that an atmosphere of violence existed on the

property.  The case is before the Court on Defendant Willow Wood's motion for summary

judgment [32], to which Smith has responded.  The Court, having considered the parties'

submissions and the relevant authorities, finds a question of fact exists and summary judgment

should be denied.

I.        Facts and Procedural History

On September 22, 2018, around midnight, Smith drove to Willow Wood, located in

Yazoo City, Mississippi, to pick up his cousin from a party.  Compl. [1-1] at 6.  When he exited

his vehicle, he "was physically assaulted by some individuals who were loitering on Defendant's

premises outside of the party."  *Id.*  He was shot multiple times by an unknown assailant,

sustaining injuries to his right shoulder, chest, and spine.  *Id.*

Smith says this was not the first party like this at Willow Wood; Defendant routinely

allowed large groups of people to loiter and gather around the complex.  *Id.*  He also claims that

despite an atmosphere of violence, Willow Wood failed to provide adequate security for its

residents and visitors.  *Id.* at 8.  Smith filed this lawsuit in state court, advancing negligence

claims, and Willow Wood removed the case to this Court, citing diversity jurisdiction.  Notice of

Removal [1].  Diversity jurisdiction does exist, the motion for summary judgment is fully briefed, and the Court is prepared to rule.

II.      Summary-Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.     Analysis

Smith's premises-liability claim is rooted in a theory of negligence, which, of course, entails four elements:  duty, breach, causation, and damages.  *Price v. Park Mgmt., Inc.*, 831 So. 2d 550, 551 (Miss. Ct. App. 2002).  The parties agree that as a business owner, Willow Wood owes a duty of reasonable care to protect its patrons from reasonably foreseeable attacks by third parties.  Def.'s Mem. [33] at 3 (citing *Gatewood v. Sampson*, 812 So. 2d 212, 219 (Miss. 2002)); Pl.'s Mem. [38] at 3 (citing *Price*, 831 So. 2d at 551).  The question is whether the shooting was foreseeable.

Acts by a third party are reasonably foreseeable if the business owner has "(1) actual or constructive knowledge of the third party's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises."  *Minor Child ex rel. Doe v. Miss. State Fed'n of Colored Women's Club Hous. for Elderly in Clinton, Inc.*, 941 So. 2d 820, 827 (Miss. Ct. App. 2006).  "Pertinent factors for consideration are (1) 'the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises,' and (2) 'the frequency of criminal activity on the premises.'" *Id.* (quoting *Crain v. Cleveland Lodge 1532, Order of the Moose, Inc.*, 641 So. 2d 1186, 1189–90 (Miss. 1994)).

Smith contends an atmosphere of violence existed at Willow Wood and directs the Court to a long list of calls placed to police in the two years prior to the shooting.  Pl.'s Mem. [38] at 6–11 (detailing incidents); *see* Call Logs [38-1, 38-2, 38-3, 38-4, 38-5, 38-6, 38-7, 38-8, 38-9, 38-10, 38-11, 38-12, 38-13, 38-14, 38-15].  Many of these calls report episodes of suspected violence, including a possible stabbing [38-1], an intoxicated individual threatening to assault women and children [38-3], over forty instances of fighting [38-4, 38-5, 38-6, 38-8, 38-9, 38-10,

38-11, 38-12, 38-14, 38-15], fifteen reports of visible firearm possession [38-4, 38-5, 38-6, 38-7, 38-10, 38-11], a resident's door being kicked in [38-8], a shot child [38-9], a female being "jumped on" [38-12], "a man shooting a female" [38-14], and "a group of boys . . . [who] threaten[ed] to shoot" an individual [38-15].  Perhaps most significant in this case, callers routinely reported large groups of people loitering on the property [38-1, 38-2, 38-4, 38-7, 38-8, 38-9, 38-11, 38-12, 38-13, 38-14, 38-15] and shots being fired [38-1, 38-7, 38-8, 38-10, 38-13].

Willow Wood says the computer-automated dispatch documents Smith produced reflect only *suspected* crimes—the documents do not establish that any actual crime ever occurred. Def.'s Reply [40] at 2.  Quoting *Kroger Co. v. Knox*, 98 So. 3d 441, 444 (Miss. 2012), Willow Wood insists that "reliance on data about mere 'calls for service' is problematic because there is nothing to 'verify the accuracy of the calls.'"  *Id.*  In *Kroger*, the plaintiff presented evidence of four instances of purse snatchings over three years.  98 So. 3d at 444.  The court found this evidence was "insufficient to establish an atmosphere of violence" in the parking lot.  *Id.*  The court also rejected testimony about "calls for service" involving "ten possible additional crimes," noting the absence of a police incident report to confirm a crime occurred.  *Id.*

But Smith has produced ten times that many calls—many of which involved violence and shots being fired.  Pl.'s Mem. [38] at 6–11.  While some calls may not have resulted in police reports, the sheer volume of calls presents a jury question whether Defendant was on notice that an atmosphere of violence existed.  Indeed, *Kroger* distinguished two earlier Mississippi cases where large numbers of reported crimes "presented a jury question as to whether an atmosphere of violence existed."  98 So. 3d at 445 (distinguishing *Gatewood*, 812 So. 2d at 220; *Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1279 (Miss. 2007)).

In *Gatewood*, the plaintiff presented proof "that sixty violent crimes were reported to police in the neighborhood . . . within the three years prior to the attack." 812 So. 2d at 220. The Mississippi Supreme Court found a question of fact despite the premises-owner defendant's argument that "none [of the reported crimes] were ever shown to have actually occurred." *Id.* Similarly, in *Glover*, the court found a question of fact where 63 crimes were reported, 25 of which were violent. 968 So. 2d at 1279. Smith offers over 100 calls for police assistance and has presented a jury question.

Next, Willow Wood challenges Smith's ability to prove cause in fact, pointing to a lack of evidence (or expert witness) to show that different security measures would have prevented the incident. Def.'s Mem. [33] at 10–13; Def.'s Reply [40] at 2–4. Smith counters that an expert opinion is not a "prerequisite" to maintaining an action based on inadequate security. Pl.'s Mem. [38] at 11 (quoting *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 830 n.12 (S.D. Miss. 2014)). And he insists,

> It is obvious, even without expert testimony, that Willow Wood was so poorly secured that people who did not belong there felt perfectly safe loitering on the premises, firing weapons, fighting, gambling, drinking, and making excessive noise. Had Willow Wood employed security prior to the day that Smith was attacked, it is more probable than not that Smith would not have been assaulted.

*Id.* at 12.

The Court agrees that this not one of those technical issues—like malpractice—that is so beyond the jurors' understanding that expert testimony is required. *See Rogers*, 52 F. Supp. 3d at 816, 830 n.12. And while Willow Wood may have a point that Smith's causation theory could be viewed as speculative, the Court finds summary judgment should nevertheless be denied. Whether the lack of security measures at Willow Wood was the cause in fact of Smith's injuries is a question for the jury. *See id.* at 829 ("The Court is not yet in a position to determine whether

all of the evidence presented at trial, including the testimony of expert and fact witnesses, is sufficient to support a jury verdict in the Plaintiffs' favor."); *id.* at 828 ("'Where reasonable minds might differ on the matter, questions of proximate cause and of negligence . . . are generally for determination . . . [by the] jury.'" (quoting *Hankins Lumber Co. v. Moore*, 774 So. 2d 459, 464 (Miss. Ct. App. 2000))) (ellipses and alteration in *Rogers*).  Defendant's motion for summary judgment is denied.

IV.    Conclusion

The Court has considered all arguments raised by the parties.  Those not addressed would not have changed the outcome.  For the reasons stated, Defendant's motion for summary judgment [32] is denied.

The settlement conference in this matter, previously set for March 10, 2020, was cancelled.  If the parties believe settlement should be discussed before the pretrial conference that is set for December 11, 2020, they are encouraged to promptly retain a mediator or contact United States Magistrate Judge F. Keith Ball's chambers for available dates.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE