UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HARRY SMITH   PLAINTIFF

V.   CIVIL ACTION NO. 3:19-CV-402-DPJ-FKB

WILLOW WOOD APARTMENTS TC, L.P.   DEFENDANT

ORDER

Plaintiff Harry Smith was assaulted and shot while picking up a family member from a party at Willow Wood Apartments. He seeks to hold the apartment complex liable, contending an atmosphere of violence existed on the property. The facts are more fully explained in the Court's September 24, 2020 Order denying summary judgment. *See* Order [44].

The case is now before the Court on two motions in limine filed by Defendant Willow Wood [54, 55]. After fully considering the motions and discussing them with counsel during the pretrial conference, the Court grants in part and denies in part Defendant's first motion [54] and denies its second motion [55] without prejudice.

I.   Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quoting Robert T. Hyde, Jr., Commentary, *The Motion in Limine: Pretrial Trump Card in Civil Litigation*, 27 U. Fla. L. Rev. 531, 531 (1975)). An order granting a motion in limine does not preclude the party sponsoring the evidence from revisiting the issue at trial, but that party

must raise the issue outside the jury's presence. *See El-Bawab v. Jackson State Univ.*, No. 3:15-CV-733-DPJ-FKB, 2018 WL 3715836, at *2 n.1 (S.D. Miss. Aug. 3, 2018). Importantly, "a motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Morgan v. Mississippi*, No. 2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (citing 21 Fed. Prac. & Proc. § 5037.18).

II.     Analysis

   A.     First Motion in Limine

Defendant's first motion in limine addresses nine subject areas, but Smith agrees that he will not offer evidence or argument regarding five of those issues. Specifically, the jury will not hear evidence or argument regarding (1) expert opinions; (2) future damages; (3) lost wages or earning capacity; (4) documents Smith did not disclose; and (5) settlement discussions. Defendant's motion is granted as to those subject areas. That leaves four disputed areas, though the parties narrowed some of those issues during the pretrial conference.

   1.     Calls for Service

To establish foreseeability, Smith has previously offered service calls from people at the Willow Wood Apartments over the preceding two years complaining about various potential crimes—some violent, others not. Smith offers the calls to show an atmosphere of violence on the premises.

Under Mississippi law, acts by a third party are reasonably foreseeable if the business owner has "(1) actual or constructive knowledge of the third party's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises." *Minor Child ex rel. Doe v. Miss. State Fed'n of Colored Women's Club Hous.*, 941 So. 2d 820, 827 (Miss. Ct.

App. 2006). "Pertinent factors for consideration are (1) 'the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises,' and (2) 'the frequency of criminal activity on the premises.'" *Id.* (quoting *Crain v. Cleveland Lodge 1532, Order of the Moose, Inc.*, 641 So. 2d 1186, 1189–90 (Miss. 1994)).

Defendant seeks exclusion of those service calls on two grounds. First it argues that there is nothing verifying that the crimes ever occurred. The Court addressed this issue when it denied summary judgment, and there is no need to repeat that analysis. But in addition to that analysis, the Court further notes *American National Insurance Co. v. Hogue*, where the Mississippi Court of Appeals considered similar evidence and ruled that, "[a]lthough these compilations were records of calls made and not necessarily crimes committed, this evidence created a jury question on notice that assaults were occurring." 749 So. 2d 1254, 1259 (Miss. Ct. App. 2000) (Southwick, J.); *see also Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 823 n.5 (S.D. Miss. 2014) (Starrett, J.) (noting that "[a] criminal conviction is not a prerequisite for a particular incident to constitute competent evidence in a foreseeability analysis") (citing *Davis v. Christian Bhd. Homes of Jackson, Miss., Inc.*, 957 So. 2d 390, 402–03 (Miss. Ct. App. 2007) (rejecting defendant's argument that crime statistics should not be considered because they failed to indicate whether crimes reflected were actually committed)). So here, admissibility to prove foreseeability is not contingent on proof that the reported crimes occurred.

Willow Wood further objects to the call logs because most calls related to dissimilar incidents. Defendant premises that argument on *Evans v. Schucker's Piano & Oyster Bar, Inc.*, where the trial court granted summary judgment, and the Mississippi Supreme Court affirmed. 281 So. 3d 302 (Miss. 2019). In doing so, the *Evans* court noted that the plaintiff offered an unauthenticated list of service calls over a 10-year period, only a small percentage of which

would be considered similar. *Id.* at 308. The Court did not, however, say the other calls were inadmissible.

As noted, the jury must consider (1) "the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises," and (2) "the frequency of criminal activity on the premises." *Crain*, 641 So. 2d at 1189–90. The call list in the present case speaks to these issues and is more extensive and relevant than the one in *Evans*. *See* Order [44] at 3–4; *see also Tillman v. Wendy's Int'l, Inc.*, No. 00-60661, 2001 WL 360691, at *2 (5th Cir. Mar. 13, 2001) ("The 'prior similar incidents' prong is not offense-specific.") (citing *Am. Nat'l Ins. Co.*, 749 So. 2d at 1260)). Defendant's motion is denied.

        2.        Efficacy of Security Measures and Causation

Smith did not designate a security expert, so Willow Wood moves to exclude any testimony suggesting safety measures that should have been taken or why the absence of those measures caused this event. In response, Smith states: "While none of Smith's witnesses may have the ability to testify as to the efficacy of certain security measures, they may certainly testify as to the lack of any such measures to the extent that they know." Pl.'s Resp. [56] at 3–4. In other words, they may factually describe the scene, to include whether safety measures were present. The Court discussed this issue with the parties during the pretrial conference, and they agree that Plaintiff has properly defined the testimony that may be properly admitted. Defendant's motion is therefore granted to the extent Plaintiff might go beyond that scope.

        3.        Failure to Warn

During his deposition, Smith was unable to identify any causally relevant warnings Willow Wood failed to provide, and he has not designated a warnings expert. Willow Wood therefore argues that "no testimony should be allowed as to the issue of warnings." Def.'s Mot.

[54] at 7.  The objection is too broad.  Like the last category, Smith may offer factual evidence regarding warnings Willow Wood may—or may not—have offered; this is not an issue that must be supported with expert testimony.  Smith may not, however, offer what would be expert opinion regarding the warnings he should have received or whether they would have made a difference.  The motion is denied to the extent it may seek to block this factual evidence but is otherwise granted.

      4. Security Measures at Other Apartments

  During his deposition, Willow Wood examined Smith regarding safety measures at other apartments and now moves to exclude any such evidence at trial.  Plaintiff stated during the pretrial conference that no such evidence will be offered.  Defendant's motion is therefore granted.

    B. Testimony of Dr. Leslie Kendall McKenzie [55]

  The parties deposed Dr. McKenzie for trial purposes as a treating physician, but Smith did not designate the doctor as a medical expert.  Willow Wood therefore moves to limit Dr. McKenzie and has provided a transcript identifying the objected-to testimony.  During the pretrial conference, the parties agreed to confer before this motion is addressed.  Smith will first identify the testimony he wishes to offer, and Willow Wood will then identify its objections and make counter designations.  If the parties cannot agree on the permissible testimony, they will present a transcript 14 days before trial that identifies the testimony that will be offered, the objections, and the parties' short reasons why any disputed testimony should or should not be allowed.  Defendant's motion is therefore denied without prejudice.

III.   Conclusion

The Court has considered all arguments; those not addressed would not change the results.  For the reasons stated, Defendant's First Motion in Limine [54] is granted in part and denied in part; Defendant's Second Motion in Limine [55] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 28th day of December, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
